UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

NATALIA KORZHA,
VLADISLAV NECEAEV, and
ANASHON KAMALOV,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PROTECTIVE ORDER**

21 Cr. 295 (AT)

THE HONORABLE ANALISA TORRES, United States District Judge:

    WHEREAS NATALIA KORZHA, VLADISLAV NECEAEV, and ANASHON KAMALOV, the defendants, have sought certain discovery materials from the Government pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), that contain and/or reflect personal identifying information, such as names, dates of birth, and social security numbers, and other confidential information, such as passport numbers, driver's license numbers, and financial account records, for or relating to the defendants and individuals other than the defendants;

    WHEREAS the Government intends to produce certain of these materials in response to the defendants' discovery requests;

    WHEREAS pursuant to Federal Rule of Criminal Procedure 16(d)(1) and 18 U.S.C. § 3771, the Government desires to protect personal identifying information and other confidential information contained in the materials it produces, and the parties agree that this Order is necessary and appropriate for that purpose;

WHEREAS the Court has given due consideration to congressional policy favoring the confidentiality of tax returns and return information;

IT IS HEREBY ORDERED:

1. Discovery materials produced by the Government pursuant to its discovery obligations to the defendants or their counsel that contain and/or reflect personal identifying information and/or confidential information are deemed "Confidential Information." To designate material covered by this Order, the Government shall so designate, on the material itself, in an accompanying cover letter, or on a disk cover, by using the following designation: "Confidential Information – Subject to Protective Order."

2. Confidential Information disclosed to the defendants or their counsel pursuant to this Order:

(a) Shall be used only in connection with proceedings in <u>United States v. Natalia Korzha, Vladislav Neceaev, and Anashon Kamalov</u>, 21 Cr. 295 (AT);

(b) Shall be kept in the sole possession of the defendants' counsel or the defendants;

(c) Shall not be copied or otherwise recorded by the defendants;

(d) Shall not be disclosed in any form by the defendants (including to the defendants' relatives) or by their counsel except as set forth in paragraph 2(e) below;

(e) May be disclosed only by the defendants' counsel and only to the following persons (hereinafter "Designated Persons"):

  (i) the defendants;

  (ii) investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' attorney;

(iii) independent expert witnesses, investigators or advisors retained by the defendant in connection with this action;

(iv) potential fact witnesses;

(v) such other persons as hereafter may be authorized by the Court upon such motion by the defendant;

(f) Shall be either (i) returned to the Government following the conclusion of this case, together with any and all copies thereof, or (ii) destroyed together with any and all copies thereof, with defendants' counsel verifying in writing to the Government that counsel has destroyed Confidential Information in counsel's possession and has instructed and received confirmation from the respective defendant that any Confidential Information in the respective defendant's possession has also been destroyed.

3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom Confidential Information is disclosed pursuant to paragraphs 2(e). Designated Persons shall be subject to the terms of this Order.

4. If Albert Dayan, Esq., Leo Shalit, Esq., or Margaret Shalley, Esq., is relieved as counsel for the respective defendant, then the Confidential Information and any copies thereof in the relieved counsel's possession will be returned to the Government by the relieved counsel unless replacement counsel agrees in writing to be subject to this Order.

5. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in this action, or to any judge or magistrate of this Court for purposes of this action.

Dated: New York, New York
June 24, 2021

SO ORDERED.

_____
ANALISA TORRES
United States District Judge