UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X
                              :

UNITED STATES OF AMERICA
                              :

       - v. -
                              :

NATALIA KORZHA,
VLADISLAV NECEAEV,                 :
ANASHON KAMALOV,
KAROL KAMINSKI,                   :
STANISLAV TUNKEVIC,
ARTURAS GILYS, and              :
SVETLANA VAIDOTIENE,

                              :

             Defendants.

                              :

- - - - - - - - - - - - - - - - - - - X

**ORIGINAL**

**SEALED SUPERSEDING INDICTMENT**

S1 21 Cr. ___

## COUNT ONE

### (Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

### The Defendants and Their Co-Conspirators

1.    At all times relevant to this Superseding Indictment, NATALIA KORZHA, the defendant, was a United States citizen and a resident of Brooklyn, New York.  KORZHA was an organizer of so-called "money mules," or co-conspirators who opened bank accounts for the purpose of laundering criminal proceeds (collectively, the "Money Mules") derived from a scheme to defraud vehicle buyers (the "Vehicle Consumer Fraud Scheme"), as set forth below.

2.    At various times relevant to this Superseding Indictment, VLADISLAV NECEAEV and ANASHON KAMALOV, the

defendants, were residents of Brooklyn, New York.   NECEAEV and KAMALOV were United States citizens.   NECEAEV was also the son of NATALIA KORZHA, the defendant.   NECEAEV and KAMALOV served as Money Mules for the Vehicle Consumer Fraud Scheme described herein.

3.    At all times relevant to this Superseding Indictment, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, and SVETLANA VAIDOTIENE, the defendants, were citizens and residents of Lithuania.   At various times relevant to this Superseding Indictment, KAMINSKI, TUNKEVIC, GILYS and VAIDONTIENE entered the United States under the Department of Homeland Security's Visa Waiver Program and were given a waiver-tourist ("WT") status.   WT travelers are not allowed to be employed or to conduct business in the United States.   KAMINSKI, TUNKEVIC, GILYS, and VAIDONTIENE served as Money Mules for the Vehicle Consumer Fraud Scheme described herein.

**The Fraudulent Scheme**

4.    Beginning at least in or about March 2019, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and other co-conspirators not named as defendants herein, participated in a conspiracy to launder the proceeds of the Vehicle Consumer Fraud Scheme by creating shell companies (the "Shell Companies") and opening bank accounts in

2

the name of the Shell Companies (the "Mule Accounts") in order to launder a total of approximately $3.5 million in fraud proceeds.

5.    To carry out the Vehicle Consumer Fraud Scheme, co-conspirators not named as defendants herein (the "Fake Sellers") posted fraudulent online advertisements for cars, trucks, and other means of transportation (collectively, the "Fake Vehicles") that the Fake Sellers did not actually own and were not authorized to sell.  The Fake Sellers advertised the Fake Vehicles in various ways.  For example, in some cases, the Fake Sellers created or caused other co-conspirators not named as defendants herein to create fraudulent websites with domain names that sounded like car dealerships on which to advertise the Fake Vehicles.  In other cases, they registered new accounts on online forums, such as eBay and Craigslist, or hacked into existing accounts belonging to other people, in order to place fraudulent advertisements.  Interested buyers ("Victims") who saw the advertisements contacted the email addresses and/or telephone numbers posted in the advertisements.  After communicating with one or more of the Fake Sellers, the Victims were duped into pre-paying for the advertised vehicle without first seeing the merchandise in person.  The Victims sent payment to Mule Accounts designated by the Fake Sellers, usually via wire transfers.  After completing their payments, the

3

Victims were left empty-handed, without ever receiving the vehicles they thought they had purchased or any refund of the purchase price.

6.    As a part of the fraudulent scheme, under the coordination of NATALIA KORZHA, the defendant, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and other co-conspirators not named as defendants herein who also served as Money Mules, held themselves out as principals of legitimate businesses that, in truth and in fact, were Shell Companies created specifically for the purpose of money laundering, and opened multiple Mule Accounts in the names of those Shell Companies, knowing that the Mule Accounts would receive criminal proceeds, in exchange for a cut of the fraud proceeds.  KAMINSKI, TUNKEVIC, GILYS, and VAIDOTIENE did so even though their WT status did not permit them to conduct business in the United States.

7.    As a further part of the fraudulent scheme, in order to open the Mule Accounts, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, knowingly used and caused to be used counterfeit documents, such as fraudulent utility bills and bank account statements, as proof of identity and/or U.S. residence, and misled the banks

4

into believing that the Mule Accounts would be used for legitimate business purposes.

8.    Each Mule Account was opened with a small amount of cash and remained open for just weeks or a few months, during which time the Mule Account received one or several wire transfers, typically between $10,000 and $100,000, from Victims. The transferred funds were quickly withdrawn, primarily in the form of cash.  Over $900,000 of the fraud proceeds was used to purchase cashier's checks payable to K Investors of NY, Inc. or World Marketing Service, Inc., entities of which NATALIA KORZHA, the defendant, was the principal, representing KORZHA's share of the fraud proceeds.  In total, the Money Mules laundered approximately $3.5 million derived from the Vehicle Consumer Fraud Scheme, the bulk of which was never returned to the Victims.

### Statutory Allegations

9.    From at least in or about March 2019, up to and including in or about March 2021, in the Southern District of New York and elsewhere, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and others known and unknown, willfully and knowingly, combined, conspired, confederated, and agreed together and with each other to commit

5

bank fraud, in violation of Title 18, United States Code, Section 1344.

10. It was a part and object of the conspiracy that NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the Defendants opened, and caused to be opened, bank accounts for the purpose of laundering criminal proceeds by using fraudulent identification documents and by misrepresenting the purpose of the accounts on account opening documents, in violation of Title 18, United States Code, Section 1344.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

11.  The allegations contained in Paragraphs 1 to 8 of this Superseding Indictment are repeated and realleged as if fully set forth herein.

12.  From at least in or about March 2019, up to and including in or about March 2021, in the Southern District of New York and elsewhere, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

13.  It was a part and an object of the conspiracy that NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, and others known and unknown, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18,

7

United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

**FORFEITURE ALLEGATIONS**

14.    As a result of committing the bank fraud conspiracy offense alleged in Count One of this Superseding Indictment, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and the following specific property:

a.    All funds in Bank of America account number 483075885673, held in the name of "K Investors of NY, Inc."

b.    All funds in Santander Bank account number 5421178560, held in the name of "Peakaut, Inc."

c.    All funds in Ponce Bank account number 4575153749, held in the name of "World Marketing Service, Inc."

15.    As a result of committing the money laundering conspiracy offense alleged in Count Two of this Superseding Indictment, NATALIA KORZHA, VLADISLAV NECEAEV, KAROL KAMINSKI, STANISLAV TUNKEVIC, ARTURAS GILYS, SVETLANA VAIDOTIENE, and ANASHON KAMALOV, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property:

a.    All funds in Bank of America account number 483075885673, held in the name of "K Investors of NY, Inc."

b.    All funds in Santander Bank account number 5421178560, held in the name of "Peakaut, Inc."

c.    All funds in Ponce Bank account number 4575153749, held in the name of "World Marketing Service, Inc."

### Substitute Assets Provision

16.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

9

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

10

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

NATALIA KORZHA,
VLADISLAV NECEAEV,
ANASHON KAMALOV,
KAROL KAMINSKI,
STANISLAV TUNKEVIC,
ARTURAS GILYS, and
SVETLANA VAIDOTIENE,

Defendants.

SEALED SUPERSEDING INDICTMENT

S1 21 Cr. _____

(18 U.S.C. §§ 1349 and 1956(h).)

AUDREY STRAUSS
United States Attorney

05/05/21
(EN)

Superseding Indictment filed
KN Parra
USMJ