UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

NATALIA KORZHA,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 5, 2022

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

21 Cr. 295 (AT)

WHEREAS, on or about May 5, 2021, NATALIA KORZHA (the "Defendant"),

among others, was charged in a two-count Indictment, 21 Cr. 295 (AT) (the "Indictment"), with

conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count

One); and conspiracy to commit money laundering, in violation of Title 18, United States Code,

Section1956(h) (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the

Indictment, seeking forfeiture to the United States, (i) pursuant to Title 18, United States Code,

Section 982(a)(2)(A) of any and all property constituted or derived from proceeds obtained by the

Defendant directly or indirectly as a result of the commission of the offense charged in Count One

of the Indictment, including but not limited to a sum of money in United States currency

representing the amount of proceeds traceable to the commission of the offense charged in Count

One of the Indictment, and, *inter alia*, the following specific property: all funds in Santander Bank

account number 5421178560, held in the name of "Peakaut, Inc." ( the "Specific Property");

WHEREAS, on or about   May 4,  , 2022, the Defendant pled guilty to Count

One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit,

pursuant to Title 18, United States Code, Section 982(a)(2)(A): (i) a sum of money equal to

$5,386,358 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title, and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,386,538 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained, $526,000 of which the Defendant is jointly and severally liable with her co-defendant Vladislav Neceaev's ("Co-Defendant") forfeiture money judgment entered in this case, and jointly and severally liable with any co-conspirators ("Co-Conspirators") charged with the conduct alleged in Count One of the Indictment, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators; and

WHEREAS, the Defendant further consents to the forfeiture of all her right, title, and interest in the Specific Property, representing proceeds traceable to the commission of the offense charged in Count One that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of the acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

2

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Sarah Lai, of counsel, and the Defendant, and her counsel, Albert Dayan, Esq., that:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $5,386,538 in United States currency (the "Money Judgment"), representing the proceeds traceable to the commission of the offense charged in Count One that the Defendant personally obtained, $526,000 of which the Defendant is jointly and severally liable with the forfeiture money judgment entered against the Co-Defendant in this case, and jointly and severally liable with the Co-Conspirators charged with the conduct alleged in Count One of the Indictment, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators.

2.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, NATALIA KORZHA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One

St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.     Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.     Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.     The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and

4

extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

5

14.     The signature page of this Consent Preliminary Order of Forfeiture as to

Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    _____          3/30/2022
       SARAH LAI                                DATE
       Assistant United States Attorney
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-1944


NATALIA KORZHA

By:    _____          4-3-22
       NATALIA KORZHA                           DATE

By:    _____          4-3-22
       ALBERT DAYAN, ESQ.                       DATE
       Attorney for Defendant
       Albert Y. Dayan Law Office
       80-02 Kew Gardens Road
       Kew Gardens, New York 11415


SO ORDERED:

_____                 May 5, 2022
THE HONORABLE ANALISA TORRES                    DATE
UNITED STATES DISTRICT JUDGE

6